Mr. Chief Justice
Shepard delivered the opinion of the Court:
The applicant has appealed from a decision of the Commissioner of Patents, affirming that of the Examiner, denying an application for registration of the words “Deacon Brown” (printed in script type, with a scroll extending across all of the letters except the “D,” and having the letters “D” and “B” *114 connected across the top by two “flourishes”) as a trademark for a nonalcoholic phosphate beverage, and syrup for making the same.
The registration was denied on the general grounds that the words are the name of an individual, and are not written in any particular or distinctive manner. The decision is based on sec. 5 of the act relating to the registration of trademarks,, approved February 25th, 1905.) which, among other things,, provides that no mark shall be registered “which consists merely in the name of an individual, firm, corporation, or association, not written, printed, impressed, or woven in some particular or distinctive manner, or in association with' a portrait of an individual.”
We agree with the Commissioner that “the name 'Brown’ is a common surname, and the prefixing of the word 'Deacon’ thereto no more renders it registrable than would the prefixing of the word 'Mr.’ 'Dr.,’ 'General,’ or the like.” The decision follows former decisions of the Commissioner refusing registration of surnames. Ex parte Dr. Pepper Co. 116 Off. Gaz. 593 (denying registration of the words “Dr. Pepper”) ; Ex parte Cale Mfg. Co. 85 Off. Gaz. 1907; Ex parte Traudt, 1001 Off. Gaz. 2383. See also Kentuckey Distilleries & Warehouse Co. v. Old Lexington Club Distilling Co. 31 App. D. C. 223— 226; Brown Chemical Co. v. Meyer, 139 U. S. 540, 35 L. ed. 247, 11 Sup. Ct. Rep. 625.
Nor is the name “Deacon Brown” printed in such a particular or distinctive manner as to entitle it to registration under the provision of the law above quoted. We think that the rule of determination in such cases has been well stated by the Commissioner in a former decision '(Ex parte Polar Knitting Mills, 154 Off. Gaz. 251), as follows:
“It is believed that the controlling principle underlying the-requirement of the statute that a mere name, unless written or printed in a distinctive manner, may not be registered, is-that the distinctive manner in which the name is displayed must be of a character as to give such a distinct impression to- *115 the eye of the ordinary observer as to outweigh the significance of the mere name.”
There was no error in denying registration of the mark as represented, and the decision will be affirmed. This decision will be certified to the Commissioner of Patents. Affirmed.